IN THE MATTER OF THE PARTNERSHIP ESTATE OF BRUENING & OBERSCHELP, Defendant in Error, *v.* WILLIAM OBERSCHELP, Plaintiff in Error.

1. *Administration — Partnership Estates — Appeal — What bond required.*— A surviving partner administering on partnership effects has all the rights, incidents, and privileges, and incurs all the responsibilities, of a general administrator, within the sphere or limits of his prescribed duties; and in case of a judgment making a final distribution of the partnership estate, he is not required to give an additional bond in order to perfect his appeal therefrom. (Gen. Stat. 1865, chap. 127, §§ 1, 4.)

*Error to St. Louis Circuit Court.*

*J. C. Moodey*, for plaintiff in error.

*Finkelnburg & Kehr*, for defendant in error.

I. Oberschelp's appeal from the Probate Court to the Circuit Court was properly dismissed. Section 4 of chapter 127, Gen. Stat. 1865, p. 514, requires every appellant to give bond, except an executor or administrator. Oberschelp was merely surviving

partner, having the partnership assets in charge, and does not come within the exception. To appeal as executor or administrator, the appeal must be on behalf of the estate. Here the administration upon the partnership assets was ready for final settlement, which implies that all its affairs had been completely wound up and nothing further remained to be done but to distribute the balance. Therefore there was no longer any occasion to appeal on behalf of the estate, and Oberschelp could not appeal in his capacity as administrator.

II. To appeal without bond, it must be from an adverse judgment or decision against the estate, and by the administrator or executor in his representative capacity. Here there is no judgment against the estate or the partnership assets, and therefore there can be no appeal on behalf of the estate. Oberschelp does not appeal in his representative capacity, because the judgment or decision appealed from does not affect his estate, but concerns him simply in his own right, to protect which he appeals.

WAGNER, Judge, delivered the opinion of the court.

In September, 1864, William Oberschelp qualified as administrator of the partnership assets, as surviving partner, of the firm of Bruening & Oberschelp. At the March term, 1867, of the St. Louis Probate Court, he made final settlement of the co-partnership estate; and from the accounts, vouchers, and proofs submitted by him, the court found that, after allowing him all proper credits, partnership assets amounting to $24,332.26 remained in his hands; and of this amount the court found that, according to the partnership agreement, he was entitled to the sum of $10,266, and the estate of his deceased co-partner to the sum of $14,066.26, and adjudged that he should pay that amount to Mary Bruening, executrix of the deceased Bruening. From this judgment Oberschelp appealed to the Circuit Court. He filed his affidavit for appeal, but gave no appeal bond. In the Circuit Court a motion was made to dismiss the appeal, because the appellant had failed to file an appeal bond. The court made an order requiring a bond to be filed within ten days, else the appeal should be dismissed. No bond being filed, the court dismissed the appeal, and the plain-

tiff in error excepted, and took the cause to the general term, where the judgment of the special term was affirmed; and after an unsuccessful motion to set aside the judgment, and for a new trial, the case is brought here for review on writ of error.

The sole question presented for consideration is, whether it was necessary for Oberschelp to give an additional bond in order to perfect his appeal, or whether his case is distinguishable from that of an ordinary administrator or executor. When an administrator qualifies and assumes the duties of administering on an estate, the statute requires him to give bond, and he and his sureties are liable thereon for all his acts touching the estate. A surviving partner administering on partnership effects has all the rights, incidents, and privileges, and incurs all the responsibilities, of a general administrator, within the sphere or limits of his prescribed duties. Now, by chapter 127, Gen. Stat. 1865, p. 514, section 1, concerning appeals in matters relating to administration, it is provided that appeals shall be allowed from the decisions of the court having probate jurisdiction to the Circuit Court on all settlements of executors or administrators, and on all apportionments among creditors, legatees, or distributees.

The fourth section enacts that every appellant shall file in the court the bond of himself or some other person, in a sum and with security approved by the court, conditioned that he will prosecute the appeal and pay all debts, damages, and costs, that may be adjudged against him. But it is provided that the chapter shall not be so construed as to require any executor or administrator to enter into bond in order to entitle him to an appeal. The action of the court appealed from was a judgment making final distribution—one of the causes specified in the statute which the plaintiff in error was entitled to have re-examined in an appellate court. I think he comes clearly within the exception of the statute exonerating an administrator from giving security on an appeal, for the very reason that induced the passage of the law — that he had already given bond, with sufficient securities, to answer for all damages resulting from his action.

The judgment will be reversed and the cause remanded. The other judges concur.